**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-50800
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO JAVIER CASTILLO-SANCHEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-751-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Castillo-Sanchez (Castillo) pleaded guilty to conspiracy to import marijuana, conspiracy to possess marijuana, and possession with intent to distribute marijuana. Castillo was sentenced to 10 years of imprisonment and 10 years of supervised release.

Castillo argues that the 10-year supervised release term is unreasonable. He argues that this term exceeds that required to effectuate Congress's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing goals stated in 18 U.S.C. § 3553(a). This is so, he argues, because it is likely that he will be deported from the United States following completion of his term of imprisonment, thereby making it impossible to fulfill the rehabilitative or monitoring goals of supervised release.

Because Castillo did not object to his term of supervised release, we review only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007, *cert. denied*, 128 S. Ct. 2959 (2008). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court heard at sentencing Castillo's argument that he committed the instant offense because he needed money to support his grandparents and that he agreed to take part in the offense because he was unaware of the mandatory minimum sentence he faced if caught and convicted. Although the supervised release term is non-reporting, it serves to deter Castillo for a longer period of time from recidivist behavior and committing another offense in this country. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Moreover, the supervised release term imposed by the district court was within the statutory and guideline range of eight years to life. *See* 21 U.S.C. §§ 841(b)(1)(B)(vii), 960(b)(2)(G); U.S.S.G. § 5D1.2(c). Castillo has not shown plain error with respect to the district court's imposition of a 10-year term of supervised release. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007)*; Puckett*, 129 S. Ct. at 1429.

AFFIRMED.